UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PHILLIP W. ROBINSON                          CIVIL ACTION NO. 06:10-CV-0915

VERSUS                                       JUDGE DOHERTY

VERMILION PARISH SCHOOL                      MAGISTRATE JUDGE HANNA
BOARD

## REPORT AND RECOMMENDATION

On June 22, 2011, a hearing was held before the undersigned with regard to attorney Michael L. Barras's motion to withdraw as counsel of record for the plaintiff, Phillip W. Robinson (Rec. Doc. 12).  The plaintiff had been ordered to attend the hearing (Rec. Doc. 10), and Mr. Barras established at the hearing that the plaintiff was notified by certified mail.  The plaintiff did not appear at the hearing.  The motion to withdraw was granted.  (Rec. Doc. 16).

Following the June 22, 2011 hearing, the undersigned issued an order (Rec. Doc. 16), for the plaintiff to appear in court on July 27, 2011 to show cause why this case should not be dismissed.  The order also instructed the plaintiff to advise the court if he retained new counsel, and to advise the court before July 27, 2011 if he intended to retain counsel or proceed pro se.  The order was served on the plaintiff by certified mail.  (Rec. Doc. 17).  The plaintiff did not advise the court that he

retained new counsel, did not advise the court if he planned to proceed with or without legal representation, and when his case was called the plaintiff did not appear at the July 27, 2011 hearing. At no time during or after completion of the docket at the hearing did the plaintiff appear or contact the Court.

Fed. R.Civ.P. 41(b) provides for involuntary dismissal for failure to prosecute or failure to comply with a court order. *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The dismissal may be on motion or *sua sponte*. *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988), *Martin v. Pearson,* 405 Fed. Appx. 859, 860 (5th Cir. 2010). Unless the dismissal order states otherwise, the dismissal shall operate as an ajudication on the merits. Fed.R.Civ. P 41(b). Therefore, the undersigned recommends that this case be dismissed without prejudice and that the January 9, 2012 trial of this matter be upset.

It is further recommended, however, that, within ninety days of the date on which this suit is dismissed, the plaintiff be permitted to file a motion to reopen this case stating the reasons he failed to attend the July 27, 2011 hearing and why this case should not be dismissed with prejudice.

It is further recommended that the Clerk of this Court be requested to serve a copy of any dismissal order on the plaintiff at his last known address, which is 3305 N. Lemaire Avenue, Kaplan, Louisiana 70548.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, this 27th day of July 2011.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)